Joshua G. FENSTERSTOCK, an individual, on his own behalf and on behalf of all similarly situated, Plaintiff–Appellee,

v.

EDUCATION FINANCE PARTNERS, a California corporation, Defendant,

Affiliated Computer Services, Inc., a Delaware Corporation, Defendant–Appellant.

No. 09–1562–cv.

United States Court of Appeals, Second Circuit.

June 30, 2011.

Abbey Spanier Rodd & Abrams (Orin Kurtz, Karin E. Fisch, of counsel), New York, NY; McLaughlin & Stern (Alan E. Sash, of counsel), New York, NY, for Plaintiff–Appellee.

Hinshaw & Culbertson (Edward K. Lenci, of counsel), New York, NY, for Defendant–Appellant.

Present: AMALYA L. KEARSE, JOSÉ A. CABRANES, and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

In *Fensterstock v. Education Finance Partners*, 611 F.3d 124 (2d Cir.2010) (*"Fensterstock II"*), *vacated and remanded*, —— U.S. ——, 131 S.Ct. 2989, 180 L.Ed.2d 818 (2011), this Court affirmed the judgment of the United States District Court for the Southern District of New York, *see Fensterstock v. Education Finance Partners*, 618 F.Supp.2d 276 (S.D.N.Y.2009) (*"Fensterstock I"*), denying defendants' motion to compel arbitration, holding that the arbitration clause of the promissory note at issue was, because of its class-action and class-arbitration waiver provision, unconscionable under *Discover Bank v. Superior Court*, 36 Cal.4th 148, 30 Cal.Rptr.3d 76, 113 P.3d 1100 (2005) (*"Discover Bank"*), and its progeny. In *AT&T Mobility LLC v. Concepcion*, —— U.S. ——, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011), the Supreme Court of the United States ruled that "California's *Discover Bank* rule is preempted by the [Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*]." 131 S.Ct. at 1753. Accordingly, the Supreme Court has vacated this Court's decision in *Fensterstock II* and remanded for further consideration in light of *AT&T Mobility LLC v. Concepcion. See Affiliated Computer Services, Inc. v. Fensterstock*, —— U.S. ——, 131 S.Ct. 2989, 180 L.Ed.2d 818 (2011) (*"Fensterstock III"*).

In Fensterstock II this Court, having ruled that the arbitration clause was unenforceable under Discover Bank, declined to reach either (a) plaintiff's contention that defendant-appellant Affiliated Computer Services, Inc. ("ACS"), as a nonparty to the agreement containing the arbitration clause, lacks standing to compel plaintiff to submit his claims to arbitration, or (b) ACS's contention that plaintiff, who asserts claims against ACS under that agreement, is estopped from raising that standing issue. *See Fensterstock II*, 611 F.3d at 130–32. Because the Discover Bank rationale is no longer viable, and

because the district court in *Fensterstock I* likewise had not reached the merits of plaintiff's standing contention or ACS's defense to that contention, *see* 618 F.Supp.2d at 280, we hereby REMAND this matter to the district court for initial consideration of those arbitrability issues, as well as any other issues that are not foreclosed by Fensterstock III.

Any new appeal in this matter from the district court's decision on the remanded issues as to arbitrability shall be referred to this panel.